IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JN INTERNATIONAL, INC., a/k/a JEERI NEOTECH INTERNATIONAL MEDICAL CORPORATION, a Nebraska corporation, | ) ) ) ) ) ) | 8:05CV67<br><br>(8:05CV158 was consolidated into 8:05CV67) |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| M/S TRANSGENE BIOTEK LTD., a Hyberbad, India Corporation, and SAKET BIOTECHNOLOGIES, k/n/a M/S TRANSGENE BIOTEK LTD., a Hyberbad, India Corporation, | ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants and Counter-Claimants, | ) ) ) | |
| vs. | ) ) | |
| JN INTERNATIONAL, INC., a Nebraska corporation, and Dr. J. RAGHAVA REDDY, an individual and DOES 1-5, inclusive, | ) ) ) ) ) | |
| Counter-Defendants. | ) | |

Litigation spawned by attempts to settle litigation almost always waste time and money. That is the case here. More importantly, since the parties did not comply with our deadlines and they did not comply with our rules, and for other good reasons, I refuse to be drawn into their dispute about settlement.

## *The Plaintiff's Motion*

I will deny the plaintiff's motion for enforcement of settlement agreement (filing 37).[1]  I do so for two reasons.

First, it is out of time.  The court was not notified by the April 24, 2006, deadline that a formal settlement had been finalized.  Judge Piester's order plainly stated: "The parties' joint motion for time, filing 32, is granted and the deadline for the parties to *finalize a formal settlement* agreement and advise the court is extended to April 24, 2006.  *No further extensions will be granted* absent an exceptional showing of extraordinary cause." (Filing 33.) (Emphasis added.)

Instead of complying with the order, on April 24, 2006 the parties advised that they had entered into a "Term Sheet" regarding settlement, but "communications between the parties have broken down."  (Filing 36.)  This notice did not comply with the clear mandate of Judge Piester's order that the parties had until April 24, 2006 to finally and formally settle their dispute.  Because the court has given the parties several continuances so that they could seek a negotiated resolution (see, for example, filings 27 and 31), there is no unfairness in strictly enforcing the deadline.

Second, assuming the parties entered into some type of an agreement, our local rules required the parties to submit it to the court for approval *before* asking the court for help in enforcing the terms.  NECiv R 7.3 ("An agreement . . . shall be binding *only* if . . . approved by appropriate order or ruling of the court if such approval is required." ) (Emphasis added.)  Without the court's explicit acquiescence, the parties

---

[1]Because it is moot, I also deny the defendant's motion for oral argument. (Filing 46.)

2

cannot enter into an agreement and privately obligate this court to sort out their subsequent disputes about the meaning of the agreement.[2]

### *The Defendants' Motion*

I will also deny the defendants' motion "to schedule an evidentiary hearing on whether plaintiff JNI has committed a fraud on the court, to allow limited discovery on that issue, and to impose appropriate sanctions" (filing 50). In part, that motion is a mirror image of the plaintiff's motion. Again, I have two reasons for my decision to deny this motion.

First, to the extent that the defendants' motion turns upon an interpretation of the putative settlement agreement and the obligations of the parties to it, the defendants' motion should be denied for the same reasons that I have denied the plaintiff's motion. Second, having denied the plaintiff's motion, and wanting to get this case resolved sometime in the next decade, the interests of justice would not be served by pursuing this collateral matter any further.

### *Conclusion*

While continuing to have high regard for the lawyers and the mediator, the phrase "a pox on all your houses" is particularly apt in this circumstance. Therefore,

IT IS ORDERED that:

1. The plaintiff's motion for enforcement of settlement agreement and for appointment of a master (filing 37) is denied.

---

[2]In the past, I have approved an "agreement for an agreement" when I was asked to do so, but my approval was conditioned upon a variety of waivers and stipulations clearly agreed to by the parties.

3

2. The defendants' motion for hearing to present oral argument (filing 46) is denied.

3. The defendant's motion for hearing on whether plaintiff JNI has committed fraud on the court, to allow limited discovery and to impose appropriate sanctions (filing 50) is denied.

4. This matter is referred to Magistrate Judge Piester for further progression.

June 5, 2006.                               BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge